UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| KATHLEEN MARY VIERRA,<br><br>        Plaintiff,<br><br>  v.<br><br>STEPHEN J. HUNT,<br><br>        Defendant. | Case No.: C 10-2239 PVT<br><br>**ORDER FURTHER CONTINUING CASE MANAGEMENT CONFERENCE, DIRECTING THE CLERK OF THE COURT TO ENTER DEFENDANT'S DEFAULT, SUBJECT TO THE DEFAULT BEING SET ASIDE IN THE EVENT DEFENDANT FILES EITHER AN ANSWER OR RULE 12 MOTION NO LATER THAN NOVEMBER 30, 2010** |

    A Case Management Conference was scheduled in this case for 2:00 p.m. on August 31, 2010. The court previously continued the Case Management Conference and directed Plaintiff to have the complaint properly served on Defendant. Plaintiff has now done so, and it appears Defendant has not filed any timely answer or motion in response to the complaint. Therefore,

    IT IS HEREBY ORDERED that the Case Management Conference is further CONTINUED to 2:00 p.m. on December 14, 2010 in Courtroom 5 of this court.

    IT IS FURTHER ORDERED that the clerk of the court is directed to enter default against Defendant Stephen Hunt. According to the Affidavit of Service (docket no. 11), Defendant was served with the summons and complaint on October 4, 2010. Defendant had 21 days thereafter to file either an answer to the complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. It appears from the docket that Defendant has made no appearance in this action, and has

filed neither an answer nor Rule 12 motion. Therefore, it appears an order directing the clerk of the court to enter Defendant's default is warranted.[1]

IT IS FURTHER ORDERED that, in the event Defendant files either an answer or a Rule 12 motion no later than November 26, 2010, the default shall be deemed set aside. In that event, the parties shall file their respective Case Management Conference Statements no later than December 7, 2010.

Dated:   *11/9/10*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[1] The court's authority to direct the clerk of the court to enter a default is implicit in rule 55(a), which provides "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit *or otherwise*, the clerk must enter the party's default." *See*, FED.R.CIV.PRO. 55(a) (emphasis added).

ORDER, *page 2*

1

2  <u>copies mailed on  *11/9/10*   to:</u>

3  Kathleen Mary Vierra
   1093 Leigh Avenue, #92
4  San Jose, CA 95126

5  Stephen Hunt
   c/o Fanin Group
6  1312 North Monroe
   Spokane, WA  99201
7
   Stephen Hunt
8  4215 South Hollow St.
   Spokane, WA  99206
9

10                                            */s/   Donna Kirchner      for*
                                              OSCAR RIVERA
11                                            Courtroom Deputy

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28